SO ORDERED.

DECONCINI MCDONALD YETWIN & LACY, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Ph: (602) 282-0500
Fax: (602) 282-0520

Dated: July 26, 2010



CHARLES G. CASE, II
U.S. Bankruptcy Judge

LAWRENCE D. HIRSCH #004982
lhirsch@dmylphx.com
Attorneys for Debtor(s)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | IN PROCEEDINGS UNDER CHAPTER 11 |
| LEON JAY KLEIN & STACY ELLEN KLEIN | CASE NO. 2:09-BK-30142-CGC |
| DEBTOR | ORDER CONFIRMING CHAPTER 11 PLAN |

The Plan of Reorganization proposed by Debtors, Leon and Stacy Klein, filed with the Court (the "Plan") having been duly transmitted to creditors and parties in interest together with a copy of the Disclosure Statement approved by Order of the Court dated and it having been determined after hearing on notice that:

1. All applicable provisions of the Bankruptcy Code have been complied with; the Plan has been proposed by Debtors in good faith and not by any means forbidden by law; and

2. Each holder of a claim or interest will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the

amount that such holder would receive or retain if the Debtor liquidated under Chapter 7 of the Bankruptcy Code on such date; and

3. The Plan has been accepted in writing by Classes of creditors or equity security holders whose acceptance is required by law or the Plan does not discriminate unfairly and is fair and equitable, with respect to each Class of claims or interest that is impaired under, and has not accepted the Plan; and

4. All payments made or promised by the Debtors or by any other person for costs and expenses in, or in connection with, the Plan and incidental to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court;

5. The Debtors will pay all post petition state and federal income taxes and County Property taxes in full as they become due.

6. The identity of any insider, if any, that will be employed or retained by the Debtor and their compensation has been fully disclosed; and

7. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of Debtors under the Plan; and

8. At least one Class of claims has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a claim of such Class; and

9. Completion of the plan and the entry of the Discharge shall discharge Debtors from those debts which are dischargeable, pursuant to 11 U.S.C §523 and 1141(d)(2). No post-Petition taxes shall be subject to discharge.

10. Any proceedings to avoid transfers shall be brought within 2 years from the filing date.

11. Notwithstanding the provisions of the Amended Plan, Chase Home Finance shall be treated as follows:

<u>Class 5:</u> Chase Home Finance ("Chase") holds a first mortgage on a condominium located at 5345 E. Van Buren, Phoenix, AZ. This property is the not the Debtors primary residence and is a rental property currently occupied by the Debtors' son. The amount due Chase is approximately $107,000.00 and the Debtors believe the property has a fair market value of $50,000.00. Debtors will bifurcate Chase's claim into secured and unsecured portions. The secured portion of the claim shall be paid at 5% interest with a 40 year amortization schedule. The balance of the amount due Chase (approximately $57,000.00) will be treated as a General Unsecured Claim under Class 9 of the Plan. Monthly payments on the secured portion of the claim will be $241.10. In addition, Debtors will pay to Chase impounds on a monthly basis for taxes and insurance.

12. Notwithstanding the provisions of the Amended Plan, the Arizona Department of Revenue shall be treated as follows:

<u>Class 2: Priority Claims:</u> The Department of Revenue shall receive on account of its Priority Claim the sum of $25,000 to be paid as follows: 1) The $25,000 is paid with four percent interest in equal monthly payments amortized over the number of months remaining until November 2014; 2) The Debtors ensure that their business stays current on taxes during the payment term; 3) If the Debtors fail to complete the $25,000 payment and the Department of Revenue has to litigate the validity of the debt and the assessment of the liability as to Debtors individually, the Department may seek the entire original balance due with credit for payments made; and 4) The Debtors immediately pay the Administrative Claim due the Department. 5) All Plan payments to the Department shall be mailed to: Denise Ann Faulk Bankruptcy & Collection Enforcement Section Finance Division Arizona Attorney General's Office 1275 W. Washington Phoenix, Arizona 85007

DeConcini McDonald Yetwin & Lacy, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

13. Notwithstanding the terms of the Amended Plan, Wells Fargo Bank shall be treated as follows:

<u>Class 6: Wells Fargo Home Mortgage:</u> ("Wells Fargo") holds a first mortgage on a condominium located at 6900 E. Princess Dr., Phoenix, AZ. This property is currently leased. The amount due Wells Fargo is approximately $120,000.00 and the Debtors believe the property has a fair market value of $67,500.00. Debtors will bifurcate Wells Fargo's claim into secured and unsecured portions. The secured portion of the claim shall be paid at 5% interest with a 30 year amortization schedule. The balance of the amount due Wells Fargo (approximately $52,500.00) will be treated as a General Unsecured Claim under Class 9 of the Plan. Monthly payments on the secured portion of the claim will be $362.35. Wells will establish an impound account for the collection of taxes and insurance on the property. Wells Fargo is impaired.

IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED that the Plan of Reorganization, copies of which are attached hereto, be and hereby is confirmed.

IT IS FURTHER BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED that except as otherwise provided in §1141 of the Bankruptcy Code or in the Plan, this Order of Confirmation of Plan discharges the Debtor from any debt that arose before the date of such confirmation and any debt of a kind specified in 11 U.S.C. §502(g), §502(h) or §502(i).

IT IS FURTHER BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED that pursuant to 11 U.S.C. §524, the discharge affected by the Order of Confirmation:

A. Voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the Debtor with respect

to any debt to be discharged under §1141, whether or not discharge or such debt is waived; and

     B.    Operates as an injunction against the commencement or continuation of any action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the Debtor, whether or not discharge of such debt is waived.

     C.    No non-debtor shall receive a discharge as a result of this Order.

DATED AND SIGNED ABOVE

APPROVED:

/s/Lawrence D. Hirsch
Lawrence D. Hirsch
Attorney for Debtor


/s/Jason Sherman
Jason Sherman
Attorney for Chase


/s/Leonard McDonald
Leonard McDonald
Attorney for Wells Fargo